UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Andrew Stephen Williams, | Case No. 24-cv-2548 (NEB/DJF) |
| Petitioner, | |
| v. | REPORT AND RECOMMENDATION |
| State of Minnesota, Second Judicial District Court/Ramsey County District Court /Probate Division-Civil Commitment; and Keith Ellison, Attorney General, | |
| Respondents. | |

Petitioner Andrew Stephen Williams is currently subject to proceedings in Minnesota state court to determine whether Mr. Williams should be civilly commitment on account of being either a sexually dangerous or psychopathic personality. *See In the Matter of the Civil Commitment of Williams*, No. 62-MH-PR-23-788 (Minn. Dist. Ct.). Mr. Williams, who is representing himself in this matter, has filed a self-styled Petition for Writ of Prohibition ("Petition") asking the Court to interfere in those proceedings and stop a scheduled mental examination from taking place because he believes the proceedings have not been conducted in a manner consistent with state law. *See generally* Petition (ECF No. 1).

Mr. Williams' pleading has been docketed as a habeas petition for administrative reasons, and the Petition does briefly refer to 28 U.S.C. § 2241 (the statute that grants to federal courts the authority to issue writs of habeas corpus), but throughout the Petition and accompanying documents Mr. Williams largely consistently refers to the relief he seeks as a petition for a writ of prohibition; not a writ of habeas corpus. The Court will start its analysis by taking that request at face value. "A writ of prohibition affords an expeditious and effective means of confining an

1

inferior court to a lawful exercise of its prescribed jurisdiction or compelling a court to exercise its authority." *State of Missouri v. United States Bankruptcy Court for the E.D. of Ark.*, 647 F.2d 768, 770 n.3 (8th Cir. 1981) (citing *Ex Parte Republic of Peru*, 318 U.S. 578, 583 (1943)).[1] The state court where Mr. Williams's civil commitment proceedings are taking place is not a court inferior to this one, and this Court therefore has no authority to issue a writ of prohibition compelling that court to act. *See In re Wallace*, 438 F. App'x 135 (3d Cir. 2011); *Oliver-Ward v. Blackwell*, 127 F.3d 1106 (9th Cir. 1997) (unpublished table disposition) (citing *Republic of Peru*, 318 U.S. 581-83) ("A writ of prohibition is not a means for invalidating the judgment of a non-subordinate court such as a state court, but rather is a means of confining or compelling the exercise of jurisdiction of an 'inferior court' such as a lower federal court."). In seeking a writ of prohibition, Mr. Williams thus asks the Court for relief that lies outside its jurisdiction to grant.

But as explained above, Mr. Williams is representing himself in this matter, and his pleading therefore is entitled to a liberal interpretation. That Mr. Williams has invoked an improper procedural vehicle through which to procure relief is not alone grounds to deny his request for relief. *See, e.g.*, *Spencer v. Haynes*, 774 F.3d 467, 471 (8th Cir. 2014). The bigger problem for Mr. Williams is that *no* form of relief is currently available to him in federal court. If Mr. Williams had filed a petition for a writ of habeas corpus rather than a petition for a writ of prohibition, he would have been required to exhaust all available remedies in the state courts before

---

[1] The conclusion that a court may issue a writ of prohibition to "compel[] a court to exercise its authority," *United States Bankruptcy Court for the E.D. of Ark.*, 647 F.2d 768 at 770 n.3, appears to be a misreading of *Republic of Peru*, 318 U.S. at 582-83, which distinguishes writs of prohibition as confining the inferior court to the lawful of exercise of its jurisdiction, while writs of mandamus compel inferior courts to act. *See In re Wallace*, 438 F. App'x 135, 136 (3d Cir. 2011) (per curiam). Unfortunately, "modern courts have shown little concern for the technical and historic differences between the two writs." *In re School Asbestos Litigation*, 921 F.2d 1310, 1313 (3d Cir. 1990).

2

he could obtain relief in federal court. To do so, he would need to present his claims to the Minnesota Court of Appeals and, if unsuccessful there, to the Minnesota Supreme Court. "[A]lthough [28 U.S.C.] § 2241 does not itself contain a requirement that petitioners first exhaust alternative remedies available in state court, 'federal courts have consistently recognized that the principles of comity and federalism require state pre-trial detainees to present their constitutional claims in state court before seeking federal habeas corpus relief under § 2241.'" *Hogquist v. Mercy Hospital*, No. 21-CV-2080 (SRN/TNL), 2021 WL 5042501, at *1 (D. Minn. Oct. 12, 2021) (quoting *Olson v. Washington County*, No. 12-CV-2807 (MJD/AJB), 2013 WL 1871523, at *2 (D. Minn. Jan. 24, 2013) (collecting cases)). Mr. Williams has begun that process by seeking a writ of prohibition from the Minnesota Court of Appeals, *see In re Williams*, A24-1055 (Minn. Ct. App. filed July 1, 2024), but those proceedings remain ongoing.

Alternatively, Mr. Williams might have sought an injunction through a traditional civil complaint. The problem with this approach is that under the *Younger* abstention doctrine, "federal courts should abstain from exercising jurisdiction when (1) there is an ongoing state proceeding, (2) which implicates important state interests, and (3) there is an adequate opportunity to raise any relevant federal questions in the state proceeding." *Plouffe v. Ligon*, 606 F.3d 890, 892 (8th Cir. 2010) (citing *Younger v. Harris*, 401 U.S. 37 (1971)). Each of these requirements would be met here. First, there is an ongoing civil commitment proceeding in state court. Second, that proceeding implicates the State of Minnesota's important interests in detaining citizens deemed sexually dangerous. *See Cota v. Jones & Magnus*, No. 16-1823 (ADM/JSM), 2016 WL 4650573, at *3 (D. Minn. Aug. 17, 2016) (applying *Younger* to claims attacking legality of ongoing civil-commitment proceedings). Third, there is no reason to believe Mr. Williams is unable to raise his claims within the context of the commitment proceedings. *See also Williams v. Schnell*, No. 23-

3

CV-3831 (PJS/TNL) (ECF No. 7) (D. Minn. Jan. 8, 2024) (warning Mr. Williams about the effect of *Younger* in a prior lawsuit attacking civil commitment proceedings). Because all the requisites are satisfied, *Younger* would preclude further consideration of Mr. Williams's claims.

Reinterpreting the Petition thus would do Mr. Williams little good, since he would not be entitled to the relief he is seeking, regardless of the procedural vehicle he used. The Court therefore declines to reinterpret it. And because the procedural vehicle that Mr. Williams *has* invoked—a writ of prohibition—is a request for relief not within the power of the Court to grant, the Court recommends this matter be dismissed without prejudice for lack of jurisdiction.

Two other matters merit brief comment: First, respondent Keith Ellison has filed a motion to be dismissed from this proceeding because he not an appropriate respondent in a habeas corpus proceeding.[2] (ECF No. 9, "Motion".) Since the Court recommends denying Mr. Williams's Petition and dismissing this matter on jurisdictional grounds, the Court further recommends denying the Motion as moot. Second, because this is not a habeas corpus proceeding, Mr. Williams does not need a certificate of appealability before taking an appeal from the judgment in this matter, *see* 28 U.S.C. § 2253(c)(1)(A), and therefore, the Court does not recommend that a certificate of appealability either be issued or denied. The Court *does* recommend, however, that a certification be entered stating that any appeal Mr. Williams takes from the judgment in this matter would not be taken in good faith, *see* 28 U.S.C. § 1915(a)(3), and that Mr. Williams is therefore adjudged to be ineligible for *in forma pauperis* status on appeal. Mr. Williams's pending

---

[2] The motion to dismiss refers to Mr. Williams's pleading as a "federal habeas petition under 28 U.S.C. § 2254," which is doubly wrong: not only is the pleading not a habeas petition, but even if it were, the petition would not be governed by § 2254, since judgment has not been entered in the proceeding under attack from Mr. Williams, *see* 28 U.S.C. § 2254(a). However, Mr. Ellison also is not an appropriate respondent to a writ of prohibition because he is not an inferior court or an officer of an inferior court. Whether Mr. Ellison is an appropriate respondent ultimately does not matter, because the Court entirely lacks jurisdiction over the petition regardless of who is named as respondent.

4

*in forma pauperis* application in this proceeding may be denied as moot in light of the Court's lack of jurisdiction over the matter.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT:**

1. The petition for a writ of prohibition of petitioner Andrew Stephen Williams (ECF No. [1]) be **DENIED** for lack of jurisdiction;

2. This matter be **DISMISSED WITHOUT PREJUDICE**;

3. Mr. Williams's application to proceed *in forma pauperis* (ECF No. [2]) be **DENIED AS MOOT**;

4. Respondent Keith Ellison's Motion to Dismiss (ECF No. [9]) be **DENIED AS MOOT**; and

5. It be certified that any appeal taken from the dismissal of this matter would not be in good faith. *See* 28 U.S.C. § 1915(a)(3).

Dated: August 8, 2024              *s/ Dulce J. Foster*
                                   Dulce J. Foster
                                   United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).